IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:22-cr-00178-MSN |
| ) | |
| ELMER DE JESUS ALAS CANDRAY, et al., ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S MOTION *IN LIMINE*
TO GIVE THE JURY A PROPHYLACTIC INSTRUCTION**

The government anticipates that while cross-examining cooperating witnesses in the upcoming trial, defense counsel may inquire about the extent to which avoiding the death penalty factored into those witnesses' decision to cooperate. The government does not expect that such a line of inquiry will actually advance the defendants' goal of impeaching the cooperators' credibility, given that some of the cooperating witnesses were never facing the death penalty and those that were pled guilty *after* the government had taken death off the table. Nevertheless, the government does not object wholesale to defense counsel asking cooperators about their prior capital punishment exposure, provided such questioning is appropriately circumscribed. However, if the defense elects to open this door, the government requests that the Court give a prophylactic instruction informing the jury that none of the defendants currently on trial will be punished by death if convicted. Further, the government asks that this instruction, if necessary, be given immediately following the testimony of the cooperator during whose questioning the issue of the death penalty first arises.

## **DISCUSSION**

The specter of the death penalty should not be introduced in this trial without regulation. For one thing, information concerning the consequences of a verdict is "irrelevant to the jury's task." *Shannon v. United States*, 512 U.S. 573, 579 (1994). Here, the jury will learn that all of the cooperators pled guilty to murder in aid of racketeering activity, an offense with which they already know the defendants have been charged. The jury is therefore likely to infer that whatever punishments were on the table for the cooperating witnesses are likewise on the table for the defendants, should they be convicted. To the extent that some jurors perceive one such sanction to be death, it might well be difficult—or even impossible—for them to reach a decision, as they must, "without considering possible sentences." *United States v. Meredith*, 824 F.2d 1418, 1429 (4th Cir. 1987).

Moreover, it would be unduly prejudicial to the government were the jury to be erroneously left with the impression that the defendants on trial could receive the death penalty, given that the jurors presumably will not be asked about their stance on capital punishment during voir dire. Plainly, if just one among the 12 jurors who ultimately pass on the defendants' guilt is staunchly opposed to the death penalty, and she thinks that voting to convict would be tantamount to violating her sincerely held conviction, the unfortunate result could be a hung jury and the declaration of a mistrial.

This same issue arose in a recent multi-defendant RICO/VICAR case involving MS-13 that was tried in the District of Maryland. In *United States v. Milton Portillo Rodriguez, et al.*, No. JKB-16-259 (D. Md.), the court fittingly resolved the matter by giving the jury midstream the instruction that can be found on the last page of Exhibit A hereto.[1] The government asks the

---

[1] Exhibit A is 32 pages long. It includes the relevant discussion between the court and the parties that led directly up to the provision of the cautionary instruction.

Court to invoke its authority under Rule 105 of the Federal Rules of Evidence and give the jury the same instruction, the key clause of which states: "no defendant on trial in this case will be punished by death if found guilty." Here, as there, it would be appropriate to give this instruction when it first becomes relevant, rather than waiting until the end of the case, lest the remainder of the government's evidence be observed with a jaundiced eye by one or more jurors.

## CONCLUSION

For the reasons stated, if the defendants in this case raise the death penalty during cross-examination of any cooperating witnesses, the government respectfully requests that the Court give the jury a prophylactic instruction in the same or substantially the same form as the one given last year by the Honorable James K. Bredar, United States District Judge for the District of Maryland. If it becomes necessary to give such an instruction, the government further respectfully asks the Court not to delay its provision to the end of the case.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:      /s/
John C. Blanchard
Megan C. Braun
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3982
John.Blanchard@usdoj.gov
Megan.Braun@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2024, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/
Megan C. Braun
Assistant United States Attorney