IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  v.<br><br>ELMER DE JESUS ALAS CANDRAY,<br>    a/k/a "German Alexander Ramirez Lopez,"<br>    a/k/a "Buky,"<br>    a/k/a "Desquiciado,"<br><br>  *Defendant.* | No. 1:22-cr-178-MSN-1 |

## MOTION TO DISMISS COUNTS FOUR, SEVEN & ELEVEN

The United States of America, through its attorneys, Erik S. Siebert, United States Attorney, and undersigned counsel, hereby moves this Court to dismiss Counts Four, Seven, and Eleven of the Third Superseding Indictment as to defendant Elmer Alas Candray ("Candray") in the above-captioned case pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure.

Candray was convicted of violating 18 U.S.C. § 924(j), use of a firearm during a crime of violence causing death, in Counts Four, Seven, and Eleven. That offense is publishable by death or imprisonment for any term of years or for life.  Proving the § 924(j)  counts required the government to prove all the essential elements of the VICAR murder offenses charged in Counts Three, Six, and Ten (the underlying predicate crimes of violence), plus—as an additional element—the fact that death resulted from the use of a firearm. But proving the elements of the VICAR murder offenses did not require the government to prove any "additional fact" not required to be proved for the § 924(j) offenses. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). That is what makes the VICAR murder offenses—which are punishable by death or mandatory

life sentences— lesser-included offenses of the § 924(j) offenses.[1] *See Schmuck v. United States*, 489 U.S. 705, 716 (1989). Because the Double Jeopardy Clause of the Fifth Amendment prohibits the imposition of consecutive sentences for the "same offense," where, as here, "a defendant is convicted of two counts that constitute the same offense under [*Blockburger*'s] same-elements test, such as a greater and a lesser included offense, double jeopardy requires that one of the convictions be vacated" or dismissed. LaFave, 6 *Crim. Proc.* § 26.3(f) (4th ed.)

Accordingly, to avoid cumulative punishment for the VICAR murder counts and the § 924(j) offenses, the government respectfully requests that Counts Four, Seven, and Eleven of the Third Superseding Indictment be dismissed as to Candray.

Respectfully submitted,

Erik S. Siebert
United States Attorney

      /s/
John C. Blanchard
Natasha Smalky
Megan C. Braun
Assistant United States Attorneys

---

[1] Unlike § 924(c), § 924(j) does not authorize the imposition of consecutive punishment for the underlying crime of violence. *See* 18 U.S.C. § 924(c)(1)(D)(ii) (providing that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used, carried, or possessed"); *Lora v. United States*, 599 U.S. 453, 459 (2023) (holding that "§ 924(c)(1)(D)(ii)'s consecutive sentence mandate does not apply" to a defendant sentenced under § 924(j)).

**CERTIFICATE OF SERVICE**

     I certify that on January 23, 2025, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted to counsel of record.


By:          /s/
    Megan C. Braun
    Assistant United States Attorney
    Office of the United States Attorney
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Phone: (703) 299-3890
    Fax:   (703) 299-3980
    megan.braun@usdoj.gov